

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Fred V. Meridith
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-7102

Re: Authority of the Commis-
sioners' Court to lease the
county farm to a private
individual who, in turn,
would contract with the
old people of the county
who wish to live there.

Your letter of recent date requesting an opinion
from this department on the above subject matter is as fol-
lows:

"Kaufman County owns a 'County Farm' of
about 400 acres of land. When defendants are
convicted and assessed fines which they cannot
pay, or when they are assessed a jail sentence,
they are sent to the County Farm to work out
fine, costs and jail sentence. The Farm is
managed and operated by a Superintendent ap-
pointed by the Commissioners' Court, and is
worked by convict labor, and the additional
necessary labor that is hired direct.

"On this Farm we have, in addition to the
Superintendents home, a large two story house
which is used as a Paupers' Home, and the Com-
missioners' Court sends the county paupers out
there for their room and board, rather than
making donations of money to paupers. The Wel-
fare Board has never paid pensions for Old Age
Assistance to the occupants and residents of
this Paupers Home. The Welfare Board represen-
tative, however, says that if such old people

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Fred V. Meridith, page 2

lived in a private home where they had to pay board
and room, that they could be eligible and receive the
Pension.

"The Commissioners' Court requests me to advise
whether it would be legitimate for the Court to lease
out this large two story residential house to a private
individual, who would in turn contract with the old
people who reside there because they have no home and
no relatives, for a stipulated charge per month for
room and board; the idea being that such old people
would then become eligible for the Old Age Pension.
Our County Farm goes into debt each year and the Court
thought this one way of making this particular project
on the Farm self-supporting. Will you please advise
me if the Court could do this?"

Section 8 of Article XVI of our State Constitution provides:

"Each county in the State may provide, in such
manner as may be prescribed by law a Manual Labor
Poor House and Farm, for taking care of, managing,
employing and supplying the wants of its indigent
and poor inhabitants."

Article 2351, Vernon's Annotated Civil Statutes, states
in part:

"Each commissioners' court shall:

"* * *

"11. Provide for the support of paupers and
such idiots and lunatics as cannot be admitted
into the lunatic asylum, residents of their
county, who are unable to support themselves. By
the term resident as used herein, is meant a per-
son who has been a bona fide inhabitant of the
county not less than six months and of the State
not less than one year."

While it is true that the commissioners' courts are
limited in their powers to those conferred upon them by the
Constitution and statutes of this State, it is likewise true
that such powers do not of absolute necessity have to be
expressly given but may exist by necessary implication.
11 Tex. Jur. 564; El Paso County v. Elam, 106 S. W. (2d) 395;
Howard v. Wallace, 15 S. W. (2d) 335.

Hon. Fred V. Meridith,   page 3


We held in our Opinion No. O-2217:

"When the Commissioners' Courts were expressly
given the power and duty to 'provide for the support
of paupers,' by necessary implication they were
clothed with the authority to do all the incidental
things necessary to provide for their support."

It was also held in our Opinion No. O-6125 that:

"The Commissioners' Court of Bexar County has
the legal authority to enter into a contract with
a group of private individuals, or with a charitable
corporation whereby the facilities and grounds of
the Bexar County School for Boys can be used by
such group of private individuals or corporations
to receive and provide for all delinquent and
dependent boys committed to such institution by
the county and district courts of Bexar County,
Texas."

This opinion was based on the following reasoning:

"We understand that such property which you
desire to use was acquired and used for the purpose
and aims as were conferred on all counties by Ar-
ticle 5138, Vernon's Annotated Civil Statutes, i. e.,
to establish, equip and maintain detention homes and
parental schools as may be necessary to care for the
dependent and delinquent children of the county. We
know of no reason why such property could not be
used by an organization as you propose in order to
carry out and accomplish the original purposes
intended." (Emphasis ours) See Anderson v. Wood,
152 S. W. (2d) 1084.

Since the Commissioners' Court "has implied authority to
exercise a broad discretion to accomplish the purpose intended"
under Article XVI, Section 8 of the State Constitution and Ar-
ticle 2351, V. A. C. S., it is our opinion that the Commissioners'

Hon. Fred V. Meridith,    page 4

Court has the authority to lease the home on the county farm to a private individual in order to provide funds to accomplish the purposes under Art. 2351, Subdivision 11, supra.

In connection with the foregoing we wish to call your attention to H. B. No. 127, Acts of the 49th Legislature, R. S., p. 577, (Art. 4442b, V. A. C. S.; Art. 701b, V. A. P. C.) which concerns the regulation and licensing convalescent homes.

It is to be understood that we are not herein passing on the eligibility of the occupants of the Home for Old Age Assistance.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

By    *John Reeves*
John Reeves

APPROVED FEB 26 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JR:LJ



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN